UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

DALE EUGENE PFALZGRAF,           )
                                 )
         Petitioner              )
                                 )
    vs.                          )   Case No.  6:15-cv-01195-LSC-HGD
                                 )
KENNETH JONES, Warden,           )
                                 )
         Respondent              )

## MEMORANDUM OPINION

On October 22, 2015, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge.  Petitioner sought and obtained an extension of time, to November 20, 2015, in which to file objections. On November 3, 2015, petitioner filed a "Motion to Expand the Record," in which he asked the court to allow certain documents in response to the report and recommendation.[1]  However, petitioner did not provide a copy of the

---

[1] The documents mentioned by petitioner are a forensic evaluation conducted at Taylor Hardin Secure Medical Facility dated August 6, 2007, and an opinion of the Alabama Court of Criminal Appeals issued March 22, 2014, *Keith Daniel George v. State*, 159 So.3d 90 (Ala.Crim.App. 2014).

documents in question, nor did he file any objections to the magistrate judge's report and recommendation.

After careful consideration of the record in this case and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge.  The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied as time-barred.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA).  *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue.  Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120

S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383, 3394-95 & n.4, 77 L.Ed.2d 1090 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct.  *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition.  For the reasons stated in the magistrate judge's report and recommendation, the Court DECLINES to issue a COA with respect to any claims.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON JANUARY 4, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704